# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HEALTH ALLIANCE MEDICAL PLANS, INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 17-653C |
| v. | ) ) ) | Judge Patricia E. Campbell-Smith |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

## UNITED STATES' MOTION TO STAY PROCEEDINGS AND FOR INTERIM ENLARGEMENT OF TIME TO RESPOND TO HEALTH ALLIANCE'S MOTION FOR SUMMARY JUDGMENT

The United States of America ("United States") respectfully moves this Court to stay this action pending the outcome of the *Land of Lincoln Mutual Health Insurance Company v. United States*, No. 17-1224, and *Moda Health Plan, Inc. v. United States*, No. 17-1994, cases now before the Federal Circuit. On May 30, 2017, the Federal Circuit issued an Order that *Land of Lincoln* and *Moda* "are considered companion cases and will be assigned to the same merits panel." *See Land of Lincoln*, Dkt. 140 (May 30, 2017), attached as Exhibit A. This Court previously entered such a stay under identical circumstances in *Raymond Farmer v. United States*, No. 17-363C, Dkt. 9 (June 7, 2017).

The United States seeks a stay of the proceedings in this case so that the Federal Circuit has the opportunity to issue its decision on the same legal issues raised in Health Alliance's Complaint and Motion for Summary Judgment. A temporary, carefully-monitored stay pending disposition of the appeals already before the Federal Circuit, which will likely result in binding precedent that will dispose of all issues in this case, will conserve judicial resources and streamline consideration of any issues that might remain to be decided here.

Because the United States' response to Health Alliance's Motion for Summary Judgment is due July 10, 2017, the United States also seeks an interim 30-day enlargement for that response, to August 9, 2017, while this Court considers the motion to stay.

Health Alliance opposes a stay but does not oppose an interim 30-day enlargement of time.

**I.     Background**

This is one of 26 cases filed in the last 16 months in this Court in which health insurance companies claim that they are entitled to additional payments under the risk corridors program created by section 1342 of the Patient Protection and Affordable Care Act ("ACA"), 42 U.S.C. § 18062.  *See Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.); *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.); *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.); *Blue Cross and Blue Shield of North Carolina v. United States*, No. 16-651C (Griggsby, J.); *Land of Lincoln Mut. Health Ins. Co. v. United States*, No. 16-744C (Lettow, J.); *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.); *New Mexico Health Connections v. United States*, No. 16-1199C (Smith, J.); *BCBSM, Inc. v. United States*, No. 16-1253C (Coster Williams, J.); *Blue Cross of Idaho Health Serv., Inc. v. United States*, No. 16-1384C (Lettow, J.); *Minuteman Health Inc. v. United States*, No. 16-1418C (Griggsby, J.); *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.); *Alliant Health Plans, Inc. v. United States*, No. 16-1491C (Braden, J.); *Blue Cross and Blue Shield of South Carolina v. United States*, No. 16-1501C (Griggsby, J.); *Neighborhood Health Plan, Inc. v. United States*, No. 16-1659C (Smith, J.); *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.); *HPHC Ins. Co. v. United States*, No. 17-87C (Griggsby, J.); *Medica Health Plans v. United States*, No. 17-94C (Horn, J.); *Blue Cross and Blue Shield of Kansas City v. United States*, No. 17-95C (Braden, J.); *Molina Healthcare v. United States*, No. 17-97C (Wheeler, J.); *Blue Cross and Blue Shield of*

*Alabama v. United States*, No. 17-347C (Campbell-Smith, J.); *BlueCross BlueShield of Tennessee, Inc. v. United States*, No. 17-348C (Horn, J.); *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.); *Farmer v. United States*, No. 17-363C (Campbell-Smith, J.); *Health Alliance Med. Plans, Inc. v. United States*, No. 17-653C (Campbell-Smith, J.); *EmblemHealth, Inc. v. United States*, No. 17-703C (Wheeler, J.); *Doug Ommen v. United States*, No. 17-712C (Lettow, J.). These cases implicate a total of $8.3 billion in the 2014 and 2015 benefit years.

The Court entered the first decision in these cases in *Land of Lincoln*, in favor of the United States. Land of Lincoln appealed and the appeal is now fully briefed before the Federal Circuit. In *Moda*, the Court entered judgment in favor of the plaintiff and the United States appealed. As noted above, on May 30, 2017, the Federal Circuit issued an Order that *Land of Lincoln* and *Moda* will be treated as companion cases and will be argued before and decided by the same panel.

A third case has reached judgment in the Court. In *Blue Cross and Blue Shield of North Carolina*, the Court dismissed the complaint on the ground that the government's implementation of the program is reasonable and consistent with the ACA. 131 Fed. Cl. 457 (2017). On June 9, 2017, Blue Cross and Blue Shield of North Carolina filed a notice of appeal.

Dispositive motions have been fully briefed and are pending a decision in four other cases: *First Priority*, *Health Republic*, *Montana*, and *Maine Community Health Options*. *Health Republic* has been certified as a class action and cross-motions for summary judgment are pending. In addition, the Court has entered stays in 13 other cases: *New Mexico Health Connections*, *Minuteman Health*, *BCBSM*, *Alliant Health Plans*, *Blue Cross of Idaho Health Service*, *Blue Cross and Blue Shield of South Carolina*, *Neighborhood Health Plan*, *Medica Health Plans*, *Blue Cross and Blue Shield of Alabama*, *BlueCross BlueShield of Tennessee*, *Sanford Health Plan*, *Farmer* and *Blue Cross and Blue Shield of Kansas City*.

In *Sanford Health Plan*, the United States sought a stay pending that Court's disposition of the previously-filed *Maine Community Health Options*, where the parties' cross-dispositive motions are fully briefed and argued. No. 17-357C, Dkt. 6. Sanford Health Plan, along with Maine Community Health Options and Montana, are represented by the same counsel who represent Health Net, and all four plaintiffs make similar claims. Sanford Health Plan opposed a stay, asserting that the United States failed to "demonstrate a pressing need for a stay." No. 17-357C, Dkt. 7 at 1. The Court granted a stay, finding that the United States had "shown good cause why a limited stay is appropriate." No. 17-357C, Dkt. 8 at 1. The Court held that "denying a stay would serve to merely consume additional resources for all parties while shedding little additional light" and that "[t]he prejudice to plaintiff is thus *de minimis*." *Id*. at 2.

In *Farmer*, before this Court, the United States moved for a stay pending the Federal Circuit's ruling in *Land of Lincoln* and *Moda*. No. 17-363C, Dkt. 8; *see also* No. 17-363C, Dkt. 5 (motion for a stay pending the Federal Circuit's ruling in *Land of Lincoln*, made prior to the Federal Circuit's order making *Moda* a companion case). Farmer opposed, arguing that the United States requested an indefinite stay and failed to show a "pressing need." No. 17-363C, Dkt. 7 at 2-3. This Court granted a stay, finding that the requested stay was not "indefinite":

> The end point of the stay can be specifically defined as the date on which the Federal Circuit issues its decisions in the *Land of Lincoln* and *Moda Health* cases, which have been submitted for common review. The fact that the court cannot predict the exact date on which the Federal Circuit will issue its opinions does not mean the term of the stay is undefined.

No. 17-363C, Dkt. 9 at 3.

Because the United States did not request an indefinite stay, this "court, then, need not identify the 'pressing need' urged by plaintiffs, and may exercise its discretion to stay these proceedings so long as the stay is 'so framed in its inception that its force will be spent within

4

reasonable limits.'" *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936)). This Court continued:

> Given the advanced stage of the *Land of Lincoln* and *Moda Health* cases, the court finds that a stay pending the outcome of these matters will be of reasonable length, and therefore not "immoderate." *See Landis*, 299 U.S. at 257; see also [*Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1416 (Fed. Cir. 1997)]. Moreover, given the symmetry of issues involved, the court agrees with defendant that a stay will serve the valuable purpose of preserving the resources of both the parties and the court. These cases will proceed more efficiently and more productively with the forthcoming guidance from the Federal Circuit.

No. 17-363C, Dkt. 9 at 3.

Subsequent to this Court's decision in *Farmer*, Chief Judge Braden asked the parties *sua sponte* in *Blue Cross and Blue Shield of Kansas City* whether they would consent to a stay "pending a final decision by the United States Court of Appeals for the Federal Circuit in the consolidated appeals of" *Land of Lincoln* and *Moda*. No. 17-95, Dkt. 10. Upon the parties' consent, the Court issued the stay. *Id.*

Finally, on June 15, 2017, in *Health Republic*, a class action affecting over 150 insurers in which cross-motions for summary judgment are fully briefed, Judge Sweeney *sua sponte* ordered a status conference to "discuss . . . staying proceedings on the parties' cross-motions for summary judgment pending the resolution of the appeals in one or more of the risk corridors cases currently before the United States Court of Appeals for the Federal Circuit." No. 16-259C, Dkt. 58.

### III. A Stay Is Proper and Will Conserve Substantial Resources

"It is well established that every trial court has the power to stay its proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Freeman v. United States*, 83 Fed. Cl. 530, 532 (2008) (citing *Landis*, 299 U.S. at 254). "Moreover, when and how to stay proceedings is within the sound discretion of the trial court." *Id.* (citation and internal

5

punctuation omitted). The Supreme Court has highlighted the conservation of judicial resources as an important reason for a trial court to stay proceedings in any matter pending before it, particularly where the appellate court may resolve issues before the trial court. *Landis*, 299 U.S. at 254-55; *UnionBanCal Corp. & Subsidiaries v. United States*, 93 Fed. Cl. 166, 167 (2010) ("The orderly course of justice and judicial economy is served when granting a stay simplifies the 'issues, proof, and questions of law which could be expected to result from a stay.'") (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Indeed, the Supreme Court also recognized that in cases of great complexity and significance, like the risk corridors issues in this case, "the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted," especially where, as here, a decision by the Federal Circuit would "settle" and "simplify" the issues presented. *Landis*, 299 U.S. at 256.

Because the legal issues presented in this case mirror the issues raised in *Land of Lincoln* and *Moda*, which the Federal Circuit have made companion cases that will be heard and decided by the same panel, the further development of those cases on appeal will be instructive and likely dispositive. A stay therefore will conserve judicial resources and the resources of both parties by reducing the amount of briefing of issues already pending before the Federal Circuit.

If this Court were to deny our request for a stay and the parties were to brief Health Alliance's Motion for Summary Judgment and a potential United States' Motion to Dismiss and/or for Summary Judgment, the case would nevertheless need to be briefed anew following the Federal

Circuit's disposition of *Land of Lincoln* and *Moda*.[1] In contrast, a stay in this case will allow the parties to address the Federal Circuit's ruling with targeted briefing in a more efficient manner.[2]

Moreover, if this Court requires the United States to respond to Health Alliance's Motion for Summary Judgment as scheduled (July 10, 2017) briefing in this case will occur simultaneous with briefing before the Federal Circuit in *Moda*, where the United States' opening brief is due the same day – July 10, 2017. Such a scenario would have this Court considering the parties' cross-motions *at the same time* the Federal Circuit is considering the very same legal issues. Briefing here would be an indisputable waste of resources, when the Federal Circuit is preparing to resolve the issues the parties would brief. All of that needless waste of the Court's and parties' resources is avoided by a stay.

### A. The United States Does Not Seek an Indefinite Stay

As this Court recognized in *Farmer*, the United States is not seeking an indefinite stay. The United States seeks a stay only until the Federal Circuit decides *Land of Lincoln* and *Moda*. This is a measured stay, not an indefinite one. As this Court found, "[t]he fact that the court cannot predict the exact date on which the Federal Circuit will issue its opinions does not mean the term of the stay is undefined." No. 17-363C, Dkt. 9 at 3.

The alternative of requiring the parties to brief this case while the Federal Circuit considers the same issues needlessly expends "time and effort for [this Court], for counsel, and for litigants."

---

[1] For example, in *Montana*, the parties have already had three separate rounds of briefing to address subsequently issued opinions by members of the Court, while in *First Priority*, the parties have had two additional rounds of briefing to address those opinions.

[2] The Federal Circuit's decision to consider *Land of Lincoln* and *Moda*, the former decided in favor of the United States and the latter in favor of the plaintiff insurer, as companion cases ensures that the appellate court will consider differing perspectives.

7

*Landis*, 299 U.S. at 254. The stay requested here is moderate, and as addressed below, causes no harm to Health Alliance.

### B. A Stay Will Not Prevent Health Alliance from Having Its Claim Heard or Delay Potential Recovery

Health Alliance cannot provide any legitimate justification for moving forward in this case now while the appeals in *Land of Lincoln* and *Moda* are pending. A stay will not delay any potential recovery for Health Alliance should it ultimately prevail. As noted above, the Federal Circuit assigned the *Land of Lincoln* and *Moda* appeals to the same panel, and that panel will address the same legal issues now before this Court. Thus, even if Health Alliance prevails on its claims in this Court, Health Alliance will not recover until the appeals in those risk corridors cases, as well as its own case, have concluded.

Staying this case until the Federal Circuit decides *Land of Lincoln* and *Moda* will not alter Health Alliance's ability to obtain a timely decision or potential recovery – it will only drastically reduce the resources expended by the Court and the parties in reaching that resolution.

### C. Health Alliance's Motion for Summary Judgment Does Not Change the Analysis

Health Alliance filed its Complaint on May 18, 2017 and then – six weeks before the United States was required to respond to the Complaint – Health Alliance filed a Motion for Summary Judgment on June 9, 2017. We expect that Health Alliance will incorrectly assert that the presence of the motion on the docket should prevent this Court from entering a stay. But none of the bases for staying a case this Court identified in staying *Farmer*, and none of the analysis above demonstrating that a stay is warranted here, is altered by Health Alliance's summary judgment motion.

The circumstances here are nearly identical to those in *Sanford*, where Judge Bruggink

granted the government's stay motion. There, Sanford, also represented by Health Alliance's counsel, filed a motion for summary judgment one week after filing its complaint. No. 17-357C, Dkt. 5. The Court entered a stay nonetheless. No. 17-357C, Dkt. 8. And Chief Judge Braden's *sua sponte* stay in *Blue Cross and Blue Shield of Kansas City* came subsequent to the United States filing a motion to dismiss. No. 17-95, Dkt. 10. Finally, in *Health Republic*, where cross-motions for summary judgment are fully briefed, No. 16-259C, Dkt. 47, 52, 55, 56, the Court *sua sponte* ordered a status conference to discuss a potential stay.

Here, as in *Health Republic*, it would take at least three more briefs (defendant cross-motion/opposition, plaintiff reply/opposition and defendant reply) before Health Alliance's Motion for Summary Judgment would be fully briefed. As described above, preparing those briefs would be a waste of resources when the Federal Circuit is preparing to resolve the identical issues the parties would brief. Therefore, Health Alliance's motion for summary judgment does not alter the appropriateness of a stay here.

**IV.     Conclusion**

Accordingly, the United States seeks a time-limited, carefully-monitored stay pending further developments in the companion appeals of *Land of Lincoln* and *Moda*. The United States proposes that within 30 days of the disposition of those appeals, the parties submit a status report with the Court outlining next steps or the parties can submit status reports every 45 days (or at another appropriate interval acceptable to the Court) after entry of an order granting the stay in order to closely monitor its continued utility. The United States also requests an interim 30-day enlargement of its time to respond to Health Alliance's Motion for Summary Judgment, to August 9, 2017, while this Court considers the motion to stay.

Dated: June 22, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

/s/ Marc S. Sacks
MARC S. SACKS
CHARLES E. CANTER
TERRANCE A. MEBANE
FRANCES M. MCLAUGHLIN
L. MISHA PREHEIM
PHILLIP M. SELIGMAN
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-1104
Fax (202) 514-9163
marcus.s.sacks@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on June 22, 2017, I electronically filed the foregoing UNITED STATES' MOTION TO STAY PROCEEDINGS AND FOR INTERIM ENLARGEMENT OF TIME TO RESPOND TO HEALTH ALLIANCE'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

      /s/ Marc S. Sacks
      MARC S. SACKS
      Commercial Litigation Branch
      Civil Division
      United States Department of Justice

# EXHIBIT A

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LAND OF LINCOLN MUTUAL HEALTH INSURANCE COMPANY, an Illinois Non-Profit Mutual Insurance Corporation,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

_____

2017-1224

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00744-CFL, Judge Charles F. Lettow.

-------------------------------------------------------------------------------

**MODA HEALTH PLAN, INC.,**
*Plaintiff-Appellee*

v.

**UNITED STATES,**
*Defendant-Appellant*

_____

2017-1994

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00649-TCW, Judge Thomas C. Wheeler.

**ON MOTION**

Before MOORE, *Circuit Judge.*

#### O R D E R

Land of Lincoln Mutual Health Insurance Company and Moda Health Plan, Inc. each move to have the above-captioned appeals assigned to the same merits panel for oral argument. Highmark Inc. et al. and National Alliance of State Health CO-OPs move to file *amici* briefs in support of the motions to make these companion cases. The United States opposes the motions to make these companion cases and instead moves to stay its appeal in the Moda case (Appeal No. 2017-1994) pending the court's disposition of Land of Lincoln's Appeal No. 2017-1224. The United States also opposes the motions to file *amici* briefs.

Land of Lincoln and Moda provided qualified health insurance plans under the Patient Protection and Affordable Care Act of 2010, Pub. L. No. 111-148, 124 Stat. 119 ("ACA"). Section 1342 of the ACA established a temporary program applicable to calendar years 2014, 2015, and 2016, whereby insurers paid money to, or received money from, the Department of Health and Human Services ("HHS") depending on whether the insurer suffered a loss or made a profit during the life of the program.

Land of Lincoln and Moda suffered losses but did not receive the full amount of payments calculated under the program's methodology. They separately sued in the United States Court of Federal Claims seeking damages

for the difference between what they alleged was owed and what HHS had paid. The Claims Court issued differing opinions on whether the ACA obligated the government to make such payments. The Claims Court ruled in favor of the government in Land of Lincoln's case in November 2016. That appeal is now fully briefed. In March 2017, the Claims Court ruled in favor of Moda, and the government's appeal was docketed on May 9, 2017.

According to the government, this court's decision in the Land of Lincoln appeal will control the resolution of the Moda appeal and a number of other related cases before the Claims Court. A stay of its appeal in the Moda case would thus allow the court to most quickly resolve the issues and not impose the burden of duplicative briefing. The government also points out that Moda filed an *amicus* brief in Appeal No. 2017-1224 and that the parties addressed the Moda decision in their briefs.

Moda and Land of Lincoln argue that allowing the appeals to be heard together by the same merits panel would be more in accordance with how this court has resolved similar circumstances in the past. They contend that while the two appeals involve similar legal issues, there are distinctions between the cases and having both cases before the same merits panel would be helpful to the court in deciding the merits of the issues.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) Moda's and Land of Lincoln's motions are granted. These appeals are considered companion cases and will be assigned to the same merits panel.

(2) The United States' motion for a stay is denied.

(3) The motions for leave to file *amici* briefs in support of Moda and Land of Lincoln's motions are denied.

                                    FOR THE COURT

                                    <u>/s/ Peter R. Marksteiner</u>
                                    Peter R. Marksteiner
                                    Clerk of Court

s26