**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

_____
                                          )
HEALTH ALLIANCE MEDICAL PLANS,            )
INC.,                                     )
                                          )
                    Plaintiff,            )        Case No. 17-653C
                                          )        Judge Campbell-Smith
          v.                              )
                                          )
                                          )
THE UNITED STATES OF AMERICA,             )
                                          )
                    Defendant.            )
_____ )

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO STAY PROCEEDINGS AND FOR INTERIM ENLARGEMENT OF TIME**
**<u>TO RESPOND TO HEALTH ALLIANCE'S MOTION FOR SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................... 1

STANDARD.......................................................................................................................... 5

ARGUMENT......................................................................................................................... 6

I.      THE GOVERNMENT SEEKS AN INDEFINITE STAY OF PROCEEDINGS. ............. 6

II.     THE GOVERNMENT CANNOT SHOW A PRESSING NEED FOR THE
        COURT TO STAY PROCEEDINGS.............................................................................. 10

III.    THE BALANCE OF INTERESTS WEIGHS AGAINST A STAY OF THESE
        PROCEEDINGS.......................................................................................................... 15

IV.     THE COURT'S PARAMOUNT OBLIGATION TO TIMELY ADJUDICATE
        CASES WEIGHS IN FAVOR OF DENYING THE STAY. ........................................... 18

CONCLUSION..................................................................................................................... 18

**Page(s)**

**Cases**

*Brown v. United States,*
    131 Fed. Cl. 540 (2017) .................................................................................................7, 14

*Cherokee Nation of Okla. v. United States,*
    124 F.3d 1413 (Fed. Cir. 1997)................................................................................. *passim*

*Clinchfield Coal Co. v. United States,*
    102 Fed. Cl. 592 (2011) ...............................................................................................11, 17

*Clinton v. Jones,*
    520 U.S. 681 (1997).......................................................................................................5, 10

*Colo. River Water Conservation Dist. v. United States,*
    424 U.S. 800 (1976)...........................................................................................................5

*Columbus Fruit & Vegetable Co-op. Ass'n, Inc. v. United States,*
    8 Cl. Ct. 525 (1985) .........................................................................................................15

*Commonwealth Edison Co. v. United States,*
    46 Fed. Cl. 29 (2000), *aff'd*, 271 F.3d 1327 (Fed. Cir. 2001)............................................6, 15

*Consolidation Coal Co. v. United States,*
    102 Fed. Cl. 489 (2011) .....................................................................................................6

*Dependable Highway Exp., Inc. v. Navigators Ins. Co.,*
    498 F.3d 1059 (9th Cir. 2007) ........................................................................................14

*Freeman v. United States,*
    83 Fed. Cl. 530 (2008) .......................................................................................................6

*Gould v. Control Laser Corp.,*
    705 F.2d 1340 (Fed. Cir. 1983).......................................................................................10

*Hendler v. United States,*
    952 F.2d 1364 (Fed. Cir. 1991).........................................................................................5

*Johnson v. Rogers,*
    917 F.2d 1283 (10th Cir. 1990) ......................................................................................11

*Kahn v. Gen. Motors Corp.,*
    889 F.2d 1078 (Fed. Cir. 1989).......................................................................................17

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)...................................................................................................*passim*

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) .................................................................11, 14

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983)......................................................................................................18

*Nat'l Food & Beverage Co. v. United States*,
    96 Fed. Cl. 258 (2010) .........................................................................................5, 17

*Nez Perce Tribe v. United States*,
    101 Fed. Cl. 139 (2011) ..........................................................................................17

*Ortega Trujillo v. Conover & Co. Commc'ns*,
    221 F.3d 1262 (11th Cir. 2000) ............................................................................11

*Prati v. United States*,
    82 Fed. Cl. 373 (2008) ...............................................................................15, 16, 17

*Red River Coal Co. v. United States*,
    No. 01-441 C (GWM), 2012 WL 285051 (Fed. Cl. Jan. 31, 2012)........................7

*St. Bernard Par. Gov't v. United States*,
    99 Fed. Cl. 765 (2011) ........................................................................................10, 15

*UnionBanCal Corp. & Subsidiaries v. United States*,
    93 Fed. Cl. 166 (2010) ............................................................................................12

*United States v. Mendoza*,
    464 U.S. 154 (1984)..................................................................................................15

*Wedgeworth v. Fibreboard Corp.*,
    706 F.2d 541 (5th Cir. 1983) ...............................................................................7, 10

*Yong v. I.N.S.*,
    208 F.3d 1116 (9th Cir. 2000) ..................................................................................7

**Other Authorities**

RCFC 1 .......................................................................................................................17

RCFC 12(b)(6)...............................................................................................................1

Definition of *Indefinite*, *Oxford English Dictionary* (2nd ed. 1989) .............................6

Order, *Farmer v. United States*,
    No. 17-363C (Campbell-Smith, J.) (Fed. Cl. June 7, 2017), ECF No. 5 ...........9, 13

Order, *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.) (Fed. Cl. May 1, 2017), ECF No. 9 ..................................................................................13

Procedural Order, *Molina Healthcare of Cal., Inc., et al. v. United States*, No. 17-97C (Wheeler, J.) (Fed. Cl. Mar. 24, 2017), ECF No. 10 ............................................12, 13, 14

Order, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.) (Fed. Cl. Mar. 2, 2017), ECF No. 8 ..............................................................................12

Order, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed. Cl. Feb. 21, 2017), ECF No. 8 ............................................................................12

Order, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Dec. 14, 2016), ECF No. 16 ..................................................................13

Order, *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.) (Fed. Cl. Dec. 2, 2016), ECF No. 16 ................................................................13

Opinion and Order, *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.) (Fed. Cl. Nov. 28, 2016), ECF No. 12 ............................................13

Joint Mot. Stay, *MEDICA Health Plans et al. v. United States*, No. 17-94 (Blank Horn, J.) (Fed. Cl. Mar. 10, 2017), ECF No. 7 ..................................................2

Def.'s Mot. Stay, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.) (Fed. Cl. June 22, 2017), ECF No. 13 ........................................................2

Def.'s Response in Opp. to Pl.'s Motion to Assign Related Appeals to the Same Panel, *Moda Health Plan, Inc. v. United States*, No. 17-1994 (Fed. Cir. May 12, 2017), ECF No. 9 ....................................................................................16

Def.'s Mot. Stay, *Blue Cross Blue Shield of Ala. v. United States*, No. 17-347C (Campbell-Smith, J.) (Fed. Cl. May 11, 2017), ECF No. 8 ......................................2

Def.'s Mot. Stay, *Blue Cross Blue Shield of Tenn. v. United States*, No. 17-348 (Blank Horn, J.) (Fed. Cl. May 11, 2017), ECF No. 7 ............................................2

Def.'s Mot. Stay, *Farmer v. United States*, No. 17-363C (Campbell-Smith, J.) (Fed. Cl. May 4, 2017), ECF No. 5 ........................................................................2

Def.'s Mot. Stay, *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.) (Fed. Cl. Apr. 20, 2017), ECF No. 6 ..................................................................2

Def.'s Opp. to Pl.'s Mot. Summ. J. and Cross-Mot. Summ. J., *Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.) (Fed. Cl. Apr. 12, 2017), ECF No. 52 ..................................................................................................12

Def.'s Mot. Stay, *Blue Cross of Idaho Health Service, Inc. v. United States*, No.
  16-1384C (Lettow, J.) (Fed. Cl. Mar. 7, 2017), ECF No. 18 ..................................... 2

Def.'s Mot. Stay, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.)
  (Fed. Cl. Mar. 1, 2017), ECF No. 6 ........................................................................... 2

Joint Status Report, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby,
  J.) (Fed. Cl. Feb. 16, 2017), ECF No. 7 ............................................................ 2, 12-13

Def.'s Mot. Stay, *Neighborhood Health Plan v. United States*, No. 16-1659C
  (Bruggink, J.) (Fed. Cl. Jan. 27, 2017), ECF No. 6 ................................................... 2

Def.'s Mot. Stay, *Blue Cross and Blue Shield of S.C. v. United States*, No. 16-
  1501C (Griggsby, J.) (Fed. Cl. Dec. 28, 2016), ECF No. 7 ........................................ 2

Def.'s Mot. Stay, *Alliant Health Plans, Inc. v. United States*, No. 16-1491C
  (Braden, J.) (Fed. Cl. Dec. 13, 2016), ECF No. 6 ...................................................... 2

Joint Mot. Stay, *BCBSM, Inc. v. United States*, No. 16-1253C (Coster Williams,
  J.) (Fed. Cl. Dec. 1, 2016), ECF No. 6 ....................................................................... 2

Def.'s Corrected Mot. Stay, *Blue Cross of Idaho Health Service, Inc. v. United
  States*, No. 16-1384C (Lettow, J.) (Fed. Cl. Nov. 29, 2016), ECF No. 9 ................. 2

Def.'s Mot. Stay, *Montana Health CO-OP v. United States*, No. 16-1427C
  (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8 ...................................... 2, 3, 8, 12

Def.'s Mot. Stay, *Moda Health Plan, Inc. v. United States*, No. 16-649C
  (Wheeler, J.) (Fed. Cl. Nov. 16, 2016), ECF No. 10 ................................................. 2

Pl.'s Mot. Stay, *Minuteman Health Inc. v. United States*, No. 16-1418C
  (Griggsby, J.) (Fed. Cl. Nov. 3, 2016), ECF No. 6 .................................................... 2

Def.'s Mot. Stay, *Maine Cmty. Health Options v. United States*, No. 16-967C
  (Merow, J.) (Fed. Cl. Oct. 31, 2016), ECF No. 8 ................................................ 2, 12

Pl.'s Mot. Stay, *N.M. Health Connections v. United States*, No. 16-1199C
  (Bruggink, J.) (Fed. Cl. Oct. 24, 2016), ECF No. 6 ................................................... 2

## INTRODUCTION

The central issue in this case is the Government's refusal to fulfill its statutory obligation to make payments under the risk corridors program ("RCP") established by Section 1342 of the Affordable Care Act ("ACA"). Plaintiff, Health Alliance Medical Plans, Inc. ("Plaintiff" or "Health Alliance") filed a Motion for Summary Judgment on June 9, 2017. Pl.'s Mot. Summ. J., ECF No. 9. As detailed in Health Alliance's Complaint and its Motion for Summary Judgment, the Government owes Health Alliance $11,143,678. Compl. ¶¶ 18, 56-59, 64, 72, 76, 92-95; Pl.'s Mot. Summ. J. 53. Rather than respond to Plaintiff's motion, the Government now seeks to stay this case pending a "decision" by the Federal Circuit in *Land of Lincoln* and *Moda*, appealing to vague notions of resource conservation and judicial efficiency. *See* Def.'s Mot. Stay ("Stay Motion"), ECF No. 10. This Court should deny the requested stay of proceedings. The Government's actions have substantially prejudiced Health Alliance and its members, who rely on Health Alliance for healthcare coverage, and Health Alliance is entitled to be heard.

The Government's request for a stay is not intended to conserve the resources of this Court or the parties. Rather, it is the latest effort by the Government to limit the legal analysis taking place in this Court's risk corridors docket and thereby limit the analysis available to the Federal Circuit. The chronology of the Government's efforts should be carefully considered in deciding its current motion.

After Judge Lettow issued a decision granting the Government's motion to dismiss *Land of Lincoln* pursuant to Rule 12(b)(6), the Government sought to choke off further discussion of the issues surrounding its non-payment of health plans under the risk corridors program. To

date, the Government has sought at least 19 stays in the Court of Federal Claims.[1]  One of the

cases the Government sought to stay was *Moda Health Plan*.  After denying the Government's

motion to stay in that case, Judge Wheeler granted summary judgment in favor of the health

plan.  If the Government had its way, *Moda* would never have been decided in the first place,

and *Land of Lincoln* would be the only case pending at the Federal Circuit.  But even after Judge

Wheeler's decision granting summary judgment for *Moda*, the Government sought to limit the

Federal Circuit's ability to consider that case.  After waiting until the eleventh hour to appeal

*Moda*, the Government then sought to stay its own appeal to train the Federal Circuit's attention

exclusively on *Land of Lincoln*.  While the Government now raises arguments about efficiency

and judicial economy, the Government vigorously opposed the assignment of *Moda* and *Land of*

---

[1] Def.'s Mot. Stay, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.) (Fed. Cl. June 22, 2017), ECF No. 13; Def.'s Mot. Stay, *Blue Cross Blue Shield of Ala. v. United States*, No. 17-347C (Campbell-Smith, J.) (Fed. Cl. May 11, 2017), ECF No. 8; Def.'s Mot. Stay, *Blue Cross Blue Shield of Tenn. v. United States*, No. 17-348 (Blank Horn, J.) (Fed. Cl. May 11, 2017), ECF No. 7; Def.'s Mot. Stay, *Farmer v. United States*, No. 17-363C (Campbell-Smith, J.) (Fed. Cl. May 4, 2017), ECF No. 5; Def.'s Mot. Stay, *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.) (Fed. Cl. Apr. 20, 2017), ECF No. 6; Def.'s Mot. Stay, *Blue Cross of Idaho Health Service, Inc. v. United States*, No. 16-1384C (Lettow, J.) (Fed. Cl. Mar. 7, 2017), ECF No. 18; Def.'s Mot. Stay, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.) (Fed. Cl. Mar. 1, 2017), ECF No. 6; Joint Status Report, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed. Cl. Feb. 16, 2017), ECF No. 7; Def.'s Mot. Stay, *Neighborhood Health Plan v. United States*, No. 16-1659C (Bruggink, J.) (Fed. Cl. Jan. 27, 2017), ECF No. 6; Def.'s Mot. Stay, *Blue Cross and Blue Shield of S.C. v. United States*, No. 16-1501C (Griggsby, J.) (Fed. Cl. Dec. 28, 2016), ECF No. 7; Def.'s Mot. Stay, *Alliant Health Plans, Inc. v. United States*, No. 16-1491C (Braden, J.) (Fed. Cl. Dec. 13, 2016), ECF No. 6; Joint Mot. Stay, *BCBSM, Inc. v. United States*, No. 16-1253C (Coster Williams, J.) (Fed. Cl. Dec. 1, 2016), ECF No. 6; Def.'s Corrected Mot. Stay, *Blue Cross of Idaho Health Service, Inc. v. United States*, No. 16-1384C (Lettow, J.) (Fed. Cl. Nov. 29, 2016), ECF No. 9; Def.'s Mot. Stay, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8; Def.'s Mot. Stay, *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.) (Fed. Cl. Nov. 16, 2016), ECF No. 10; Pl.'s Mot. Stay, *Minuteman Health Inc. v. United States*, No. 16-1418C (Griggsby, J.) (Fed. Cl. Nov. 3, 2016), ECF No. 6; Def.'s Mot. Stay, *Maine Cmty. Health Options*, No. 16-967C (Merow, J.) (Fed. Cl. Oct. 31, 2016), ECF No. 8; Pl.'s Mot. Stay, *N.M. Health Connections v. United States*, No. 16-1199C (Bruggink, J.) (Fed. Cl. Oct. 24, 2016), ECF No. 6.

*Lincoln* at the Federal Circuit to the same merits panel. The reason is clear: the Government's principal interest is to limit the issues raised and considered in these cases. That might be a legitimate legal strategy, but it cannot be conflated with conserving resources. The Federal Circuit underscored this point when it denied the Government's motion to stay *Moda* pending *Land of Lincoln* on May 30, 2017, expressly stating that "there are distinctions between the cases and having both cases before the same merits panel would be helpful to the court in deciding the merits of the issues." Def.'s Mot. Stay, Ex. A at 3.

The Government cannot meet its burden to justify the stay that it seeks. First, the date on which any decision in *Land of Lincoln* or *Moda* will be issued is unknown. *Moda* has not yet begun briefing. Under longstanding precedent, this Court does not require plaintiffs to "stand aside" for the convenience of the Government while it litigates against a chosen plaintiff. Second, the Government itself has acknowledged that, given the significance of these cases (over $8 billion in potential Government liability), the plaintiffs and the Government are likely to exercise their "full rights" to judicial review. *See, e.g.*, Def.'s Mot. Stay, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8. That almost certainly means further litigation beyond the "decision" contemplated in the Government's briefing (and thus an even lengthier stay, if the Government's logic is to be followed).

Having requested a stay of indefinite duration, the Government must articulate a pressing need. The Government cannot do so, and in fact, its rationale for a stay is self-contradictory. On the one hand, the Government argues that the instant action raises issues that "mirror" those raised in *Land of Lincoln* and *Moda*. Def.'s Mot. Stay 6. On the *other* hand, the Government argues that the Court should delay *Health Alliance's* case to "drastically reduce the resources

expended by the Court and the parties in reaching that resolution." *Id.* at 8.  The Federal Circuit rejected these same arguments in denying the Government's motion to stay *Moda* pending its consideration of *Land of Lincoln*.  The issue is no different here.  The conservation of judicial resources alone does not justify an open-ended stay; nor does the workload of a defendant's legal counsel present a "pressing need" to stay a well-pleaded cause of action brought in good faith by an aggrieved plaintiff.

The Government also overstates the resources a stay will supposedly conserve.  Health Alliance has filed a motion for summary judgment illustrating the fact that this lawsuit can be resolved as a matter of law, without discovery or trial.  Moreover, the Government's repeated references to the volume of risk corridors cases currently pending, several of which are "fully briefed," belies the assertion that the Government is not sufficiently prepared to respond to Health Alliance's motion.  While Health Alliance has already agreed to a generous stay of the Government's response deadline, it strains credulity to suppose that the Government will be overtaxed by responding to Health Alliance's motion.

Health Alliance is diligently prosecuting its claim in good faith and is entitled to pursue a timely decision on the merits, irrespective of whether other similarly situated plaintiffs have sought relief.  Health Alliance's right to be heard is not subservient to the arguments made by other plaintiffs, and it is not subservient to the Government's interest in limiting discussion of the risk corridors cases.  The Government's actions have undermined the ability of the Affordable Care Act's exchanges to function as contemplated by the ACA.  The Government should not be permitted to dodge the substantive issues raised in Health Alliance's motion.  Accordingly, Plaintiff respectfully requests that the Court deny the Government's motion to delay proceedings in this case, and respectfully requests oral

argument on the issue of its entitlement to be heard.

## STANDARD

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (citations omitted). The Government bears the burden of establishing its entitlement to a stay:

> the suppliant for a stay must make out a *clear case of hardship or inequity* in being required to go forward, if there is even a *fair possibility* that the stay for which he prays will work damage to someone else. Only in *rare circumstances* will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (emphasis added). While this Court unquestionably has discretion to manage its docket, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997), that discretion is bounded by due regard for the plaintiff's interests in obtaining justice for its cause. *See id.* at 707 (finding that district court abused its discretion in granting stay); *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Hendler v. United States*, 952 F.2d 1364, 1380 (Fed. Cir. 1991)) (stating that discretion to stay "is not . . . without bounds"); *Nat'l Food & Beverage Co. v. United States*, 96 Fed. Cl. 258, 263 (2010) (noting that discretion to stay "is not unbounded.").

The Federal Circuit applies a tripartite formula to stay requests pending the resolution of related cases:

> (i) "a trial court must first identify a pressing need for the stay;"

> (ii) "[t]he court must then balance interests favoring a stay against interests frustrated by the action;" and

> (iii) "[o]verarching this balancing is the court's paramount obligation to exercise jurisdiction timely in cases properly before it."

*Cherokee Nation*, 124 F.3d at 1416; *see Commonwealth Edison Co. v. United States*, 46 Fed. Cl. 29, 34 (2000), *aff'd*, 271 F.3d 1327 (Fed. Cir. 2001) (citing same formula); *Freeman v. United States*, 83 Fed. Cl. 530, 533 (2008) (same).

The Government's request should be denied because (1) the Government seeks an indefinite, or at least immoderate, stay, (2) it has identified no "pressing need" for a stay, (3) the balance of interests weighs against a stay, and (4) this Court's paramount obligation to timely exercise jurisdiction weighs in favor of denying the requested stay.

## ARGUMENT

## I.     THE GOVERNMENT SEEKS AN INDEFINITE STAY OF PROCEEDINGS.

The Government's request to stay this action "pending the outcome of the *Land of Lincoln Mutual Health Insurance Company v. United States*, No. 17-1224, and *Moda Health Plan, Inc. v. United States*, No. 17-1994," both of which are before the Federal Circuit, constitutes a request for an "indefinite stay."  *See* Def.'s Mot. Stay 1; *see also Consolidation Coal Co. v. United States*, 102 Fed. Cl. 489, 493 (2011) (request to delay litigation until another case was decided is a request for an indefinite stay).  The Oxford English Dictionary defines "indefinite" as "undefined, unlimited; the opposite of definite."  Definition of *Indefinite*, *Oxford English Dictionary* (2nd ed. 1989).  Notwithstanding the Government's contention that it seeks a "time-limited, carefully monitored stay pending further developments" in *Land of Lincoln* and *Moda*, it fails to explain how a stay of unknown duration could qualify as anything other than "indefinite."  *See* Def.'s Mot. Stay 9.  Given that "[o]nly in *rare circumstances* will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," *Landis*, 299 U.S. at 255 (emphasis added), Health Alliance should be permitted to have its day in Court now, not at some indefinite point in the future.

A stay pending resolution of related cases is the very definition of "indefinite," as both the Supreme Court and Federal Circuit have recognized. In *Landis* itself, the Supreme Court rejected a stay of one case pending a decision on appeal in another because movants had failed to demonstrate a "pressing need." *Id.* at 255 (saying a trial court abuses its discretion if it enters "a stay of indefinite duration in the absence of a pressing need"). The Federal Circuit, applying the *Landis* standard, similarly treated a motion to stay proceedings during the pendency of related cases as "indefinite" and applied the *Landis* pressing need requirement to deny the stay. *Cherokee Nation*, 124 F.3d at 1416; *see also Red River Coal Co. v. United States*, No. 01-441 C (GWM), 2012 WL 285051, at *1 n.1 (Fed. Cl. Jan. 31, 2012) ("Although plaintiff requests a stay that would end upon the occurrence of certain specific events, case law indicates that the stay plaintiff requests—one pending the outcome of another case with which the plaintiff is not currently involved—is an indefinite stay." (citing *Cherokee Nation*, 124 F.3d at 1414)). The judges of this court continue to apply this standard and deny motions to stay cases pending appeals to the Federal Circuit, absent a showing of "compelling need." *See Brown v. United States*, 131 Fed. Cl. 540, 543 (2017).[2]

This Court must also consider the time reasonably expected for resolution of the cases on appeal, *see Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983), and, as the Supreme Court cautioned, a stay must be "so framed in its inception that its force will be spent within reasonable limits, *so far at least as they are susceptible of prevision and description*." *Landis*, 299 U.S. at 257 (emphasis added). On its own terms, the Government's characterization

---

[2] *See also infra* at 11-13 (collecting RCP cases applying pressing need standard and denying Government's requested stay). The Federal Circuit's approach is consistent with both common sense and its fellow circuits. For example, in *Yong v. I.N.S.*, the Ninth Circuit ruled that, where the stay sought terminated upon resolution of a related appeal, "its term is indefinite" and "the stay could remain in effect for a lengthy period of time, perhaps for years if . . . reversed and the case is remanded for further proceedings." 208 F.3d 1116, 1119-21 (9th Cir. 2000).

of its requested stay as a "time-limited" stay to allow the Federal Circuit to "resolve issues" in the risk corridors litigation is a canard. *See* Def.'s Mot. Stay 6, 9. Nor is it realistic to think a decision in the consolidated cases will be the final word on this Court's risk corridors docket. As the Government is quick to point out, *see* Def.'s Mot. Stay 3, the United States' exposure for risk corridors liability exceeds $8 billion. At the very least, *en banc* review or even review by the Supreme Court should be expected. *See, e.g.*, Def.'s Mot. Stay, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8 (recognizing "the likelihood that each party will consider its full rights to judicial review.").

Meanwhile, what if the Federal Circuit remands the consolidated appeals for further proceedings at the Court of Federal Claims? Presumably the requested indefinite stay would drag on further, based on the Government's bald supposition that issues that have been raised in other risk corridors cases (including this one) are not entitled to be heard. And then there are the many other cases that will likely be appealed to the Federal Circuit. Right now, at least six additional risk corridors cases are fully briefed and are likely to be appealed after the issuance of decisions:

- *First Priority Life Ins. Co. v. United States*, No. 16-587C (Wolski, J.) (pending decision)
- *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (pending decision)
- *Maine Cmty. Health Options v. United States*, No. 16-967C (Bruggink, J.) (pending decision)
- *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (fully briefed)
- *Molina Healthcare v. United States*, No. 17-97C (Wheeler, J.) (fully briefed, oral argument scheduled)
- *Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.) (fully briefed)

Three other cases (in addition to Health Alliance) are proceeding as well.

*EmblemHealth, Inc. v. United States*, No. 17-703C (Wheeler, J.) (answer due 7/27/2017);

*Ommen et al. v. United States*, No. 17-712C (Lettow, J.) (answer due 7/31/2017); *Atkins v. United States*, No. 17-906C (Kaplan, J.) (answer due 9/5/2017). In arguing that its requested

stay is *not* indefinite, the Government conveniently ignores the import of all of these cases, the likelihood that they will be appealed, and the reality that—if its current logic is to be followed—its requested stay will extend to an immoderate length, which weighs strongly against entering a stay in the first place.

Moreover, events since this Court's order in *Farmer v. United States*, No. 17-363C, dated June 7, 2017, demonstrate that the Government's requested stay is likely to stretch for an indefinite period of time. Order, *Farmer v. United States*, No. 17-363C (Campbell-Smith, J.) (Fed. Cl. June 7, 2017), ECF No. 5. First, as the Government acknowledged, "[a] third case has reached judgment in the Court," and on June 9, 2017, was appealed to the Federal Circuit. That case has not been consolidated with *Land of Lincoln* and *Moda* for a hearing before the same merits panel. Def.'s Mot. Stay 3 (citing *Blue Cross and Blue Shield of N.C. v. United States*, No. 16-651C (notice of appeal filed June 9, 2017)). The parties in that case may or may not ultimately consolidate with *Moda* and *Land of Lincoln*, but the existence of a separate appeal belies the Government's assertion that *Moda* and *Land of Lincoln* are all that matter, just as the Government's *original* assertion—that *Land of Lincoln* was all that mattered—also proved misguided (as the Federal Circuit made clear in consolidating *Moda* with *Land of Lincoln* and rejecting the Government's stay motion). Second, on June 19, 2017, Judge Wheeler scheduled oral argument in *Molina Healthcare v. United States*, No. 17-97C, for July 12, 2017. Given that every risk corridors case to have reached a decision at the Court of Federal Claims has been appealed, there is a strong likelihood that *Molina* too will be appealed during the pendency of *Land of Lincoln* and *Moda*, which may prolong any final resolution of the relevant legal issues by the Federal Circuit (along with any of the other six cases that have been fully briefed).

The fact that dispositive motions have been fully briefed and are pending decision before other judges on this Court is relevant to this Court's analysis of the likely extent of the Government's requested stay. Each of those cases will likely be appealed. But even if this Court does not agree that the Government's requested stay is properly treated as indefinite for the above-stated reasons, for the very same reasons and in the alternative, it should at least be deemed "immoderate" or "protracted" in length and the Government should be required to justify its request. In *Cherokee Nation*, the Federal Circuit opined that "[a] stay so extensive that it is '*immoderate or* indefinite' may be an abuse of discretion," also citing cases using the phrase "*protracted or* indefinite." 124 F.3d at 1416 (citing *Landis*, 299 U.S. at 257; *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983); *Wedgeworth*, 706 F.2d at 545) (emphases added). Apart from the conclusory phrase "[t]he stay requested here is moderate . . ." (*see* Def.'s Mot. Stay 8), the Government in no way addresses the clear indicators discussed above that a stay pending activity at the Federal Circuit is likely to prove immoderate. The Federal Circuit's reasoning in *Cherokee Nation* requiring the Government to demonstrate need for its requested stay should apply regardless of whether its request is characterized as indefinite, immoderate, or protracted.

## II. THE GOVERNMENT CANNOT SHOW A PRESSING NEED FOR THE COURT TO STAY PROCEEDINGS.

In deciding the Defendant's Stay Motion, this Court must first and foremost identify a "pressing need" for the stay. *See Cherokee Nation*, 124 F.3d at 1416. The Government bears the burden of demonstrating its need. *See Clinton*, 520 U.S. at 708 (finding that the "proponent of a stay bears the burden of establishing its need" (citing *Landis*, 299 U.S. at 255)); *St. Bernard Par. Gov't v. United States*, 99 Fed. Cl. 765, 771 (2011). The party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair

possibility that the stay for which he prays will work damage to someone else." *Landis*, 299

U.S. at 255. A trial court abuses its discretion if it issues a stay of indefinite duration "in the

absence of a pressing need." *Id.*; *see Clinchfield Coal Co. v. United States*, 102 Fed. Cl. 592,

596 (2011) ("Stays of indefinite duration require a showing of a pressing need.").

The Government's request fails on this threshold issue. Its motion identifies no pressing

need whatsoever. Rather, the apparent basis for its requested stay is the Government's claim that

doing so will conserve judicial resources. But judicial economy alone does not justify the

Government's stay. The Federal Circuit's rejection of this very argument in denying the

Government's motion to stay the *Moda* appeal pending its decision in *Land of Lincoln* should

guide the Court's decision on the current motion. *Accord Cherokee Nation*, 124 F.3d at 1416

(where the only reason for granting the stay was that it would avoid duplicative litigation and

conserve judicial resources, finding that "this concern falls short of the 'pressing need' required

when a trial court seeks to suspend its proceedings indefinitely"); *Ortega Trujillo v. Conover &

Co. Commc'ns*, 221 F.3d 1262, 1265 (11th Cir. 2000) ("The case law illustrates that . . . the

interests of judicial economy alone are insufficient to justify such an indefinite stay." (citing

*Landis*, 299 U.S. at 256-57)); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111-12 (9th Cir.

2005) (holding that a *Landis* stay was inappropriate where grounds other than judicial economy

were offered and found to lack merit); *cf. Johnson v. Rogers*, 917 F.2d 1283, 1285 (10th Cir.

1990) (holding that a crowded docket, without more, is insufficient to justify lengthy delay).

The Government also grossly overstates the resources it seeks to conserve. In the instant

action, Health Alliance has filed a motion for summary judgment seeking to resolve its claims as

a matter of law. The Government does not dispute that the issues in this case are capable of

resolution without discovery or trial.[3]  In that regard, this action is markedly different from the

case cited by the Government, *UnionBanCal Corp. & Subsidiaries v. United States* (*see* Def.'s

Mot. Stay 6), in which the court's entry of a stay repeatedly cited the value of ***avoiding trial***.  93

Fed. Cl. 166, 168 (2010).  Here, it is inconceivable that resolution of Health Alliance's claims

will draw upon the resources a trial would demand.  Though the Government seeks to diminish

the relevance of Health Alliance's pending motion for summary judgment, Def.'s Mot. Stay 8,

the likelihood that this case will be resolved without a trial goes ***directly*** to the Government's

arguments relating to conserving judicial resources.  In this respect, too, Health Alliance differs

from *Farmer*, where plaintiff has ***not*** moved for summary judgment.

Moreover, the Government's argument that a stay will conserve the *parties'* resources, in

addition to the Court's, has been discredited numerous times.  The Government has raised this

argument (unsuccessfully) in risk corridors cases since October 2016.[4]  In total, the

Government's requests to stay have been denied at least six times because the Government

cannot demonstrate the requisite "pressing need," including:

- Procedural Order, *Molina Healthcare of Cal., Inc., et al. v. United States*, No. 17-97C (Wheeler, J.) (Fed. Cl. Mar. 24, 2017) ("*Molina* Order"), ECF No. 10;
- Order, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.) (Fed. Cl. Mar. 2, 2017), ECF No. 8;
- Order, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed. Cl. Feb. 21, 2017), ECF No. 8;[5]

---

[3] *See, e.g.*, Def.'s Opp. to Pl.'s Mot. Summ. J. and Cross-Mot. Summ. J., *Health Republic Ins. Co. v. United States*, No. 16-259C (Sweeney, J.) (Fed. Cl. Apr. 12, 2017), ECF No. 52.

[4] *See, e.g.*, Def.'s Mot. Stay 2, *Maine Cmty. Health Options*, No. 16-967C (Merow, J.) (Fed. Cl. Oct. 31, 2016), ECF No. 8; Def.'s Mot. Stay 3, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Nov. 17, 2016), ECF No. 8; Def.'s Mot. Stay 2, *Health Net, Inc. v. United States*, No. 16-1722C (Wolski, J.) (Fed. Cl. Mar. 1, 2017), ECF No. 6.

[5] In both *HPHC* and *Molina*, the Government did not formally move to stay the action, but rather urged the Court to enter a stay through a joint status report in the former and a status conference in the latter.  Notwithstanding the differing vehicles for raising the arguments, they nonetheless represent examples of judges of this Court rejecting the Government's now standard arguments. Joint Status Report 1-6, *HPHC Ins. Co., Inc. v. United States*, No. 17-87C (Griggsby, J.) (Fed.

- Order, *Montana Health CO-OP v. United States*, No. 16-1427C (Wolski, J.) (Fed. Cl. Dec. 14, 2016), ECF No. 16;
- Opinion and Order, *Moda Health Plan, Inc. v. United States*, No. 16-649C (Wheeler, J.) (Fed. Cl. Nov. 28, 2016), ECF No. 12; and
- Order, *Maine Cmty. Health Options v. United States*, No. 16-967C (Merow, J.) (Fed. Cl. Dec. 2, 2016), ECF No. 16.

The Government cites to 13 stays that have been entered, including in *Blue Cross and Blue Shield of Kansas City*, but in all but two of those cases, Plaintiff **consented** to the Government's requested stay, as is each plaintiff's prerogative.  *See* Def.'s Mot. Stay 3.  In *Sanford Health Plan v. United States*, a temporary but far more limited stay was entered pending a decision *by the same judge* in *Maine Community Health Options*, which is already fully briefed and argued.  Order, *Sanford Health Plan v. United States*, No. 17-357C (Bruggink, J.) (Fed. Cl. May 1, 2017), ECF No. 9.  That is not analogous to the case *sub judice*, wherein the Government is asking for an open-ended stay the length of which is dependent on the Government's speculation about activity that is out of the control of this Court.  Similarly, for the reasons discussed herein, the instant action differs from *Farmer* due to events since this Court's order in *Farmer* and distinctions between the two cases.[6]  For obvious reasons, the Government can cite no authority for the proposition that the purportedly taxed resources of trial counsel support a stay of a plaintiff's case—such a proposition would be transparently arbitrary even where the

---

Cl. Feb. 16, 2017), ECF No. 7 (setting forth, in the section titled "The United States' Position," substantially the same arguments including a "request for a limited stay of this action pending (1) this Court's decision in BCBSNC and (2) the Federal Circuit's decision in *Land of Lincoln*"); *Molina* Order 2 ("Defendant's counsel urged the Court to invoke a stay of proceedings pending the Federal Circuit's review of *Land of Lincoln*, and potentially of *Moda Health* if the Government elects to appeal that decision.  In the alternative, due to the presence of a heavy workload in the other risk corridors cases, the Government requested an enlargement of time . . .").

[6] To the extent this Court disagrees that there is a distinction between the position of Health Alliance and that of plaintiff in *Farmer*, Health Alliance respectfully requests that the Court reconsider its decision in *Farmer* and conclude, for the reasons stated herein, that the Government's request is in fact for a stay of an indefinite nature and has not been justified by a showing of a pressing need.

cases involve common subject matter. Defendant's case load falls short of the sort of "pressing need" the Federal Circuit requires. It would also be unseemly for the Government to bar an aggrieved plaintiff from the courthouse on the grounds that the suit inconveniences the Government.

Unsurprisingly, courts have routinely rejected such arguments as falling woefully short of the standard of "hardship" required. *See Brown*, 131 Fed. Cl. at 543 (finding that "the court cannot agree that the possible need for additional briefing on the issue of liability constitutes a hardship that necessitates a stay of proceedings"); *see also Lockyer*, 398 F.3d at 1112 ("being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis.*"); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (same).

In addition to the general insufficiency of asserting that it is a hardship for lawyers to defend a lawsuit, the notion that *this case* will overtax the Government's resources is greatly overstated. The Government's "familiarity with the issues presented and the ample size of the legal staff devoted to these cases" militates *against* granting a stay. *Molina* Order 2-3. For the very same reason, the Government's assertion that a stay in this case would "conserve judicial resources and the resources of both parties," Def. Mot. Stay 6, cannot be taken seriously. The Government has already briefed its position in numerous other risk corridors cases. Health Alliance's case is not uniquely onerous for the Government.

Health Alliance is entitled to a decision on the merits no less than any other plaintiff. If judges of this Court were to hold cases in abeyance anytime a similar case had already been docketed, the wheels of justice would slow to a crawl for numerous well-deserving plaintiffs. Here, the law does not support entry of the Government's requested stay. *See Cherokee Nation*,

124 F.3d at 1416; *Prati v. United States*, 82 Fed. Cl. 373, 378 (2008) (in denying

reconsideration, noting that, unlike a stay pending an interlocutory or administrative appeal,

"concerns about resources and judicial economy are not as relevant" to requests for indefinite

stays pending Federal Circuit resolution of a companion case decided by this Court).[7]

### III.   THE BALANCE OF INTERESTS WEIGHS AGAINST A STAY OF THESE PROCEEDINGS.

The Government charges that Health Alliance "cannot provide any legitimate

justification for moving forward in this case" due to the *Land of Lincoln* and *Moda* appeals.

Def.'s Mot. Stay 8.  For one thing, Health Alliance does not bear any burden to justify *not*

staying this case.  A stay is the rare exception, not the rule; and the burden falls on the

Government to establish its need, which it has failed to do.  *See St. Bernard Par.*, 99 Fed. Cl. at

771 ("The proponent of a stay bears the burden of establishing its need, and must 'make out a

clear case of hardship or inequity in being required to go forward.'" (quoting *Landis*, 299 U.S. at

255)).  In any event, the Government is wrong that no justification to proceed exists.

The resolution of distinct plaintiffs' claims in similar cases will collectively better inform

the court of appeals about the important issues raised in this and the other cases.  *See United*

*States v. Mendoza*, 464 U.S. 154, 160 (1984) (stressing the importance of allowing "difficult

question[s]" to percolate among the multiple courts of appeals before granting certiorari); *Prati*,

82 Fed. Cl. at 378 (noting that "additional [cases of the type at issue] could benefit the Federal

Circuit . . . ."); *Columbus Fruit & Vegetable Co-op. Ass'n, Inc. v. United States*, 8 Cl. Ct. 525,

529 (1985) (citing *Mendoza*, 464 U.S. 154 (1984) (applying percolation principle in context of

---

[7] To the extent that the Government's motivation is that by delaying this case it might be able to
avail itself of favorable decisions of other judges of this Court, or any related outcome on appeal,
the Stay Motion would have to be rejected not only because it does not present a pressing need,
but also as mere defensive forum shopping.  The Federal Circuit has considered parties' motives
in seeking stays and has affirmed that courts "need not countenance such legal gamesmanship."
*Commonwealth*, 46 Fed. Cl. at 34.

fee dispute affected by Government effort to litigate multiple cases in different forums)).  The

Government itself has acknowledged that the Federal Circuit "may consider the reasoning of the

trial court opinions in this case and other risk-corridors cases, regardless of whether such

opinions are formally filed with the Court."  Def.'s Response in Opp. to Pl.'s Mot. to Assign

Related Appeals to the Same Panel, *Moda Health Plan, Inc. v. United States*, No. 17-1994 (Fed.

Cir. May 12, 2017), ECF No. 9.  And indeed, the Government's argument that the instant action

implicates similar issues counsels in favor of denying, not granting, a stay, as "[i]f the issues are

sufficiently similar, the Federal Circuit could consolidate these [related] appeals . . . and reach a

single decision with all the relevant cases before the court."  *Prati*, 82 Fed. Cl. at 378.

Moreover, not only has the Government failed to articulate a "pressing need," but also

stay would unduly frustrate Health Alliance's interests.  The Government's efforts to diminish

the importance of the timing of any judgment Plaintiff may be awarded ignores the actual

hardships already faced by other insurers who offered ACA Qualified Health Plans on the

exchanges.  Although the Government points repeatedly to *Farmer*, unlike the insurer there

(which is in liquidation), Health Alliance has worked to remain in the market despite the

Government's failure to make timely risk corridors payments.  It intends to continue doing so,

and, because resolution of its risk corridors claims in a timely fashion will advance its ability to

serve its members, Health Alliance indisputably has an interest in resolving this dispute as

quickly as possible.  *See Landis*, 299 U.S. at 255 (a stay would not be appropriate where there is

"a fair possibility that the stay . . . will work damage" to the non-moving party); *Cherokee

Nation*, 124 F.3d at 1416.  By the same token, further delay may adversely affect Health

Alliance's operations and the members it serves.  There is no question that public policy favors

"expeditious resolution of litigation." *Prati*, 82 Fed. Cl. at 378 (citing *Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989)).

Health Alliance is entitled to develop its arguments as it deems fit. It, no less than any other plaintiff, is entitled to be heard, irrespective of whether other plaintiffs with similar claims filed complaints as well. Case and point: Health Alliance has advanced the specific claims of its choice in this case and moved for summary judgment with respect to both. That strategic decision is the type of legal judgment that Health Alliance is entitled to make for itself. A plaintiff does not lose its right to be heard in a timely manner merely because another plaintiff filed a similar suit. It is for that reason that this Court has repeatedly permitted cases to move forward despite the pendency of related litigation. *See, e.g.*, *Cherokee Nation*, 124 F.3d at 1418 (trial court abused its discretion in staying proceedings pending resolution of related quiet title action in another court); *Nez Perce Tribe v. United States*, 101 Fed. Cl. 139, 140 n.1 (2011) (2006 case in this Court proceeded while district court action brought by same party was pending); *Nat'l Food*, 96 Fed. Cl. at 269 (denying motion to stay takings claim pending resolution of related condemnation lawsuit involving portion of same property); *Clinchfield*, 102 Fed. Cl. at 598 (denying motion to continue stay pending resolution of related litigation).

The strong interests weighing against a stay overwhelm whatever desire the Government has for a contrary result because the Government's failure to pay Health Alliance the millions of dollars it owes has caused real and significant harm. Health Alliance's good-faith desire for a decision on the merits as soon as practicable eclipses whatever limited regard the Court should give to the workload argument raised by the Government.

**IV.    THE COURT'S PARAMOUNT OBLIGATION TO TIMELY ADJUDICATE CASES WEIGHS IN FAVOR OF DENYING THE STAY.**

The lack of a "pressing need" and the balance of interests favoring denial of the Stay Motion are joined by yet another overarching consideration: this Court's "paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation*, 124 F.3d at 1416. This Court's own Rule 1 requires that the rules of this Court "should be construed, administered and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." RCFC 1. This principle springs from the Court's "virtually unflagging obligation . . . to exercise the jurisdiction given [it]" to decide controversies. *Cherokee Nation*, 124 F.3d at 1418 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14-15 (1983)).

This Court has jurisdiction to hear Plaintiff's case and, as set forth in its Motion for Summary Judgment, Health Alliance believes the case is capable of resolution as a matter of law. Presumably, the Government believes that this matter can be resolved without an evidentiary hearing in light of its assertion that other fully briefed cases involve the "identical" legal issues. Def.'s Mot. Stay 9.

## CONCLUSION

For the foregoing reasons, Health Alliance respectfully requests that this Court deny the Government's request for a stay pending resolution of other cases. Health Alliance respectfully requests oral argument on the issue of the Government's requested stay.

Dated:  July 10, 2017                              Respectfully submitted,

OF COUNSEL:                                        */s/ Stephen McBrady*
James Regan                                        Stephen McBrady
Daniel Wolff                                       CROWELL & MORING LLP
Xavier Baker                                       1001 Pennsylvania Avenue, NW
Sharmistha Das                                     Washington, DC 20004
CROWELL & MORING LLP                               Tel:  (202) 624-2500
1001 Pennsylvania Avenue, NW                       Fax:  (202) 628-5116
Washington, DC 20004                               SMcBrady@crowell.com
Tel:  (202) 624-2500

                                                   *Counsel for Plaintiff Health Alliance*

## CERTIFICATE OF SERVICE

I certify that on July 10, 2017, a copy of the forgoing "Plaintiff's Opposition to Defendant's 'Motion to Stay Proceedings And for Interim Enlargement of Time to Respond to Health Alliance's Motion for Summary Judgment'" was filed electronically using the Court's Electronic Case Filing (ECF) system. I understand that notice of this filing will be served on Defendant's Counsel, Marc S. Sacks, via the Court's ECF system.

*/s/ Stephen McBrady*
Stephen McBrady
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: (202) 624-2500
Fax: (202) 628-5116
SMcBrady@crowell.com