# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HEALTH ALLIANCE MEDICAL PLANS, INC., | )<br>)<br>) |
| Plaintiff, | )  No. 17-653C<br>) |
| v. | )<br>)  Judge Patricia E. Campbell-Smith |
| THE UNITED STATES OF AMERICA, | )<br>) |
| Defendant. | )<br>) |

## UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS AND FOR INTERIM ENLARGEMENT OF TIME TO RESPOND TO HEALTH ALLIANCE'S MOTION FOR SUMMARY JUDGMENT

Since the Federal Circuit ordered *Land of Lincoln Mutual Health Insurance Company v. United States*, No. 17-1224, and *Moda Health Plan, Inc. v. United States*, No. 17-1994, to be companion cases assigned to the same panel, this Court and three other judges of the Court have stayed risk corridors cases pending the Federal Circuit's rulings.  *Raymond Farmer v. United States*, No. 17-363C, Dkt. 9 (June 7, 2017); *Blue Cross and Blue Shield of Kansas City v. United States*, No. 17-95C, Dkt. 10 (June 14, 2017); *HPHC Ins. Co. v. United States*, No. 17-87C, Dkt. 19 (July 11, 2017); *Health Republic Ins. Co. v. United States*, No. 16-259C, Dkt. 62 (July 11, 2017).  The United States respectfully requests that this Court enter a similar order of stay in this case.  Nothing in Health Alliance's opposition ("Pl. Opp.") warrants that this case proceed wastefully and inefficiently while the Federal Circuit is in the process of deciding legal claims and arguments *identical* to those raised by Health Alliance.

The United States briefly responds to issues raised in Health Alliance's opposition.

1. Health Alliance offers 18 pages of briefing, but does not even once assert that the claims it brings in this case, or the arguments it has made or intends to make before this Court, have even a scintilla of difference from those currently being decided by the Federal Circuit.

2. Even if Health Alliance ultimately prevails and wins a money judgment, it almost certainly will not recover until the cases already before the Federal Circuit are resolved. The question for this Court in considering the stay request is whether the parties and Court will waste resources on the full scope of this case now, or will prudently allow controlling law to efficiently shape future proceedings. Choosing the former, however, will *not* speed Health Alliance's potential ultimate recovery. The United States is not "diminish[ing] the importance of the timing of any judgment Plaintiff may be awarded." Pl. Opp. at 15-16. Rather, we are asking this Court to recognize that a stay here will not delay any potential recovery.

3. Health Alliance stresses the "percolation principle," but the goals of that principle are already being fulfilled with two companion cases – one where the trial court ruled in favor of the United States and one where the trial court ruled in favor of the plaintiff – being briefed before the Federal Circuit, an additional notice of appeal filed, and multiple other cases before the Court fully briefed and ripe for decision. *See* Pl. Opp. at 15-16.

4. Health Alliance's efforts to distinguish this case from *Farmer* fail. Pl. Opp. at 12. First, the fact that Health Alliance filed a quick motion for summary judgment virtually identical to those its counsel filed previously in *Maine Community Health Options v. United States*, No. 16-967C; *Montana Health CO-OP v. United States*, No. 16-1427C; *HPHC Insurance Co. v. United States*, No. 17-87C; and *Sanford Health Plan v. United States*, No. 17-357C, does not alter the basis on which this Court ordered a stay in *Farmer*. The fact that Health Alliance continues to

offer insurance is also irrelevant. Pl. Opp. at 16. As noted above, Health Alliance has no prospect of imminent recovery should the Court decline to enter a stay.

Health Alliance also wrongly argues that recent events render the Court's stay order in *Farmer* inapplicable to this case. Pl. Opp. at 9. That a notice of appeal has been filed following judgment in *Blue Cross and Blue Shield of North Carolina v. United States*, No. 16-651C, and the Court will hold oral argument this week in *Molina Healthcare v. United States*, No. 17-97C, do not change the full applicability of the Court's analysis in *Farmer* to the circumstances here:

> [G]iven the symmetry of issues involved, the court agrees with defendant that a stay will serve the valuable purpose of preserving the resources of both the parties and the court. These cases will proceed more efficiently and more productively with the forthcoming guidance from the Federal Circuit.

No. 17-363C, Dkt. 9 at 3. To be plain, there is no dispute that "guidance" from the Federal Circuit is coming, and there can also be no dispute that the guidance will allow this case to "proceed more efficiently and more productively."

And, in contrast to what Health Alliance contends are significant "[r]ecent events," on July 11, 2017, the Court in *HPHC sua sponte* entered a stay "until the Federal Circuit issues decisions in" *Land of Lincoln* and *Moda*. No. 17-87C, Dkt. 19 at 1-2. The Court explained that

> the legal and factual issues to be resolved in the parties' dispositive motions are substantively identical to those presented in *Land of Lincoln*, *Moda*, and *Blue Cross and Blue Shield of North Carolina*. And so, the Federal Circuit's resolution of the aforementioned appeals will likely resolve, in whole or in part, the legal and factual issues raised in the parties' pending motions.

*Id.* at 3. Health Alliance is represented by the same counsel as HPHC, and, like HPHC, Health Alliance's claims are "substantively identical" to those now before the Federal Circuit. Moreover, also on July 11, 2017, Judge Sweeney stayed *Health Republic*, the first risk corridors case filed in the Court and a class action where the parties' cross-motions for summary judgment

3

are fully briefed, over plaintiff's opposition "pending a decision by the Federal Circuit in *Land of Lincoln* and/or *Moda*." No. 16-259C, Dkt. 62.

5. In the *Health Republic* stay order, the Court specifically addresses arguments that Health Alliance makes in its opposition. Judge Sweeney held that a stay pending a Federal Circuit ruling in *Land of Lincoln* and/or *Moda* is *not* indefinite, "because given the status of briefing in the appeals before the Federal Circuit, one or more decisions in those appeals may issue by early next year." *Id.* at 2. And while Health Alliance argues that the June 9, 2017 notice of appeal filed in *Blue Cross and Blue Shield of North Carolina* undermines the United States' request for a stay, Judge Sweeney found that

> [t]here are currently three appeals before the Federal Circuit that present the central issue posed in this case–whether the government is statutorily obligated to pay risk corridors payments in full on an annual basis. It is extremely unlikely that the Federal Circuit will not rule on this issue in one of those appeals.

*Id.* at 1. Finally, as if responding to Health Alliance's "percolation" argument, Judge Sweeney explained: "The three decisions from the [Court] underlying the appeals will enable the Federal Circuit to review a variety of analyses of the parties' claims, and if plaintiff finds these analyses inadequate, it is free to seek leave to file an amicus curiae brief with the Federal Circuit." *Id.* at 2.

6. Health Alliance relies upon numerous authorities to support its request to proceed without a stay, but *none* addresses the circumstances here, where 27 cases have been filed with the Court raising identical claims on a single statute.

7. Health Alliance's assertion that the United States' is attempting to "limit the legal analysis taking place in this Court's risk corridors docket and thereby limit the analysis available to the Federal Circuit" is wrong. Pl. Opp. at 1. Rather, our objective is to avoid wasting the Court's and parties' resources briefing legal arguments that are identical to those that the Federal

4

Circuit is in the process of deciding. It bears repeating that Health Alliance has made no assertion – because it cannot – that its claims and legal theories are different from those on appeal.

## CONCLUSION

Accordingly, the United States seeks a time-limited, carefully-monitored stay pending further developments in the companion appeals of *Land of Lincoln* and *Moda*. The United States proposes that within 30 days of the disposition of those appeals, the parties submit a status report with the Court outlining next steps or the parties can submit status reports every 45 days (or at another appropriate interval acceptable to the Court) after entry of an order granting the stay in order to closely monitor its continued utility.

Dated: July 12, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

RUTH A. HARVEY
Director
Commercial Litigation Branch

KIRK T. MANHARDT
Deputy Director

/s/ Marc S. Sacks
MARC S. SACKS
CHARLES E. CANTER
TERRANCE A. MEBANE
FRANCES M. MCLAUGHLIN
L. MISHA PREHEIM
PHILLIP M. SELIGMAN
Commercial Litigation Branch
Civil Division
United States Department of Justice
P.O. Box 875
Ben Franklin Station
Washington D.C. 20044
Tel. (202) 307-1104
Fax (202) 514-9163
marcus.s.sacks@usdoj.gov

ATTORNEYS FOR THE UNITED STATES

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 12, 2017, I electronically filed the foregoing UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS AND FOR INTERIM ENLARGEMENT OF TIME TO RESPOND TO HEALTH ALLIANCE'S MOTION FOR SUMMARY JUDGMENT with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

                                         /s/ Marc S. Sacks
                                         MARC S. SACKS
                                         Commercial Litigation Branch
                                         Civil Division
                                         United States Department of Justice